IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV208-1-V

TROY L. McFARLANE,                )
                                  )
            Petitioner,           )
                                  )
      v.                          )          **O R D E R**
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )
_____   )

**THIS MATTER** comes before the Court upon Petitioner's Motion Under Rule 60(b)(6),

filed April 30, 2007.

By Judgment entered June 28, 1999, Petitioner was sentenced to concurrent terms of 280

months imprisonment.  Petitioner directly appealed his sentence and conviction.   On November

9, 1999, the United States Court of Appeals for the Fourth Circuit granted the Government's

motion to dismiss Petitioner's appeal.  On October 30, 2000, Petitioner filed a Motion to Vacate,

Set Aside, or Correct Sentence which was dismissed by this Court on April 30, 2002.  On

November 14, 2002, the Fourth Circuit dismissed Petitioner's appeal of the denial of his Motion

to Vacate.  On January 4, 2006, Petitioner sought permission from the Fourth Circuit to file a

successive Motion to Vacate.  On January 25, 2006, the Fourth Circuit denied Petitioner's

application.   On December 11, 2006, Petitioner filed a Motion for Delayed Evidentiary Hearing

which this Court construed as a successive motion to vacate and dismissed without prejudice on

January 10, 2007.

Petitioner has now filed a Motion to Reconsider asking the Court to reconsider the denial

of his original Motion to Vacate. In support of his Motion, Petitioner attaches a March 2006, affidavit from his defense counsel seeking to establish that he received ineffective assistance of counsel in his criminal case. Petitioner asserts that the affidavit establishes that his plea was involuntary. He asks the Court to grant him a hearing or to resentence him to 151 months imprisonment.

Petitioner's present motion is another attempt to circumvent the strictures of the Antiterrorism and Effective Death Penalty Act's ( AEDPA) successive provisions. Petitioner may not avoid the limitations on successive motions to vacate merely by labeling his filing a motion for reconsideration. Petitioner's motion directly attacks his conviction and sentence and is therefore more properly characterized as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255, and the Court will treat it as such.[1]  See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003)(holding that district courts must treat Rule 60(b) motions as successive collateral review applications when it is a motion directly attacking the prisoner's sentence or conviction).[2]

---

[1]  This Court finds that the Court of Appeals for the Fourth Circuit's decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the Emmanuel case, this would not be Petitioner's first § 2255 motion. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

[2]  Petitioner, citing Gonzalez v. Crosby, 545 U.S. 524 (2005), argues that his motion should not be construed as a successive motion to vacate because this Court did not rule on the merits of his involuntary guilty plea claim in the Order dismissing his original Motion to Vacate. This Court's April 30, 2002, Order addressed all claims raised by Petitioner in his Motion to Vacate, including his claim that his guilty plea was involuntary and that his counsel was ineffective. In addition, the Court notes that Petitioner's present ineffective assistance of counsel claim centers on his counsel's alleged pressure to plead guilty and his innocence of the leadership enhancement. Neither the coercion by his counsel nor his leadership enhancement were mentioned in his original motion to vacate. Gonzalez is inapplicable in this case.

As Petitioner is well aware, under AEDPA "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, because Petitioner has already filed a motion to vacate with this Court (3:00CV533 and 3:06CV501), Petitioner must first certify his motion with the Fourth Circuit Court of Appeals before he can file his successive motion in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration construed as a Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice as successive.


Signed: June 12, 2007

Richard L. Voorhees
United States District Judge


3